## Scott v. Robertson.

(Decided January 15, 1926.)

## Appeal from Hart Circuit Court.

Divorce—Court Without Power, After Term in which Absolute Divorce Granted, to Modify Permanent Alimony Allowable.— Where circuit court granted absolute divorce and awarded permanent alimony in lump sum, without reserving jurisdiction of alimony question, it was without power, after the expiration of the term in which judgment rendered, to modify alimony allowance; there being no implied or express statutory authority for modification of judgment of absolute divorce, though Ky. Stats., section 2121, provides for reservation of jurisdiction in judgments of divorce from bed and board.

ROLLIN HURT, C. B. DOWLING, M. O. SCOTT and V. H. BAIRD for appellant.

WATKINS & CARDEN and J. W. KINNAIRD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

On the 18th of September, 1920, the appellee, Ira Belle Robertson, then Scott, was granted an absolute divorce in the Hart circuit court from appellant, M. O. Scott, and awarded permanent alimony in the sum of $5,000.00. He appealed to this court and the judgment was affirmed on June 22, 1923. Scott v. Scott, 200 Ky. 153, 252 S. W. 1019. On the 22nd of March, 1924, he instituted this action in the Hart circuit court seeking a modification of the judgment for alimony upon the ground that since its rendition his property, consisting largely of real estate, had so depreciated in value that it was insufficient to discharge the liens against it and, that instead of being worth from twenty to thirty thousand dollars, as determined from the evidence upon the former trial, he was in fact insolvent and wholly unable to satisfy the judgment for alimony, which with interest and costs now amounts to practically $7,500.00, or any considerable portion thereof. A demurrer was sustained to his petition and same dismissed and this is an appeal from that judgment.

Counsel for appellee contend that the demurrer was properly sustained to the petition (1) because the court had not the power to modify a lump sum judgment for alimony awarded upon an absolute divorce such as was

rendered, and (2) that the change, if any, in the ability of the appellant to satisfy the judgment complained of is due wholly to his own act in appealing from and superseding that judgment and thus deferring its enforcement until after the value of his real estate had declined.

As the allowance of alimony was in gross and in full discharge and satisfaction for not only all claim of the wife for future support, but also in discharge of her marital rights in and to the husband's property, it would seem upon reason and general principles that it was such a final adjudication of personal and property rights as to be beyond the power of the court to modify it after the expiration of the term at which it was entered, in the absence of statutory authority so to do or unless the court reserved jurisdiction in the decree. Moreover, this position is fully supported by the great weight of authority. 19 C. J. 269; 1 R. C. L. 949. In Ruge v. Ruge (Wash.), L. R. A. 1917F 721 and note, there will be found a most interesting discussion of the question and the cases from many courts relating thereto.

But appellant insists that the rule is otherwise in this state and in support of the insistence refers us to the following imposing list of cases: Lockridge v. Lockridge, 3 Dana 28; Logan v. Logan, 2 B. Monroe 142; Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 R. 1093; Zumbiel v. Zumbiel, 113 Ky. 841, 69 S. W. 708, 24 R. 590; Bristow v. Bristow, 21 R. 481; Sebastian v. Rose, 135 Ky. 197, 122 S. W. 120; Gerrein's Admr., &c. v. Berry, 30 R. 978; Staton v. Staton, 164 Ky. 688, 176 S. W. 21; Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412.

It must be admitted that in these and other cases it has been broadly stated, in substance, as in Staton v. Station, *supra,* that, "It is always within the power of the chancellor to change or modify allowances for alimony according to the necessities or equities of the case." But there was not in any of those cases a judgment for both a lump sum as alimony and an absolute divorce and, we have been unable to find any case from this or any other court where the power to modify such a judgment has been exercised in the absence of express or implied statutory authority, or a reservation of jurisdiction.

In the cases cited above and others from this court in which like statements may be found, the judgments were for divorce from bed and board merely or the alimony was payable in installments or the judgment expressly reserved control of the question of alimony. We

are therefore clearly of the opinion that none of those cases can be accepted as authoritative upon the question now before us for the first time, and that we should follow the generally accepted rule referred to above.

We have express authority (section 2121, Kentucky Statutes) for reversion or vacation by the court that rendered it of a judgment for divorce from bed and board; but there is no statutory authority, either express or implied, for the modification of a judgment for absolute divorce. We are, therefore, of the opinion that the circuit courts of this state are without power to modify an allowance for permanent alimony accompanying a judgment of absolute divorce, after the expiration of the term at which it was rendered unless the court in its judgment, expressly or by necessary implication reserves control of the question of alimony. As there was no such reservation in the former judgment it follows that the court was without power to modify it when the petition herein was filed and did not err in sustaining the demurrer thereto.

This conclusion renders unnecessary consideration of the question of appellant's responsibility for the changed conditions upon which he relies for a modification as well as the propriety of his filing a new action rather than a motion or supplemental petition in the original action .

Judgment affirmed.