## McGuffin v. Chapman.

(Decided January 26, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Divorce—Consent Order Settling Alimony Invalid, Where Procured by Fraud—Where alimony settlement was forced on woman when in state of terror bordering upon hysteria brought about by defendant's attorney, and she immediately repudiated settlement, and did not cash checks given her, consent judgment, being result of duress amounting to fraud, could be set aside.

EUGENE R. ATTKISSON for appellant.

DAVID R. CASTLEMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On December 28, 1918, a judgment was duly entered in the Jefferson circuit court divorcing appellant and appellee, restoring her to her maiden name and adjudging her alimony in the sum of $75.00 a month until she had received the total sum of $5,000.00, unless she sooner died or remarried.  In April, 1923, fifty-two monthly installments had matured, aggregating $3,900.00; forty-one had been paid aggregating $3,075.00, leaving then due her and unpaid $825.00, and in addition installments aggregating $1,100.00 accruing in the future, if she did not die or remarry before they matured.  On April 13, 1923, he paid her $500.00, and she gave him a receipt in full.  On

that day a consent order was entered by which the judgment allowing her $75.00 a month as alimony was set aside, and by consent of parties it was ordered that the sums paid to her were ackowledged by her to have been accepted in full and final settlement and satisfaction of the judgment and for all claims for alimony or otherwise she had or might ever have against him, and it was further ordered that all claims of either party against the other arising out of their marriage ''be and they are hereby settled.'' On August 21, 1923, appellee filed in the Jefferson circuit court this action to set aside the above consent order, alleging, in substance, that it was without consideration and obtained by fraud. An answer was filed controverting the allegations of the petition; proof was taken and on final hearing the circuit court adjudged plaintiff the relief sought. The defendant appeals.

The circuit court in a written opinion held that the evidence does not justify a decision that the settlement was obtained, by fraud or duress, and granted the plaintiff the relief sought on the ground that the settlement was without consideration and that the order of the court in controversy was simply a judgment of satisfaction and should be set aside on equitable principles where it is inequitable for the person relying on it to avail himself of the entry of satisfaction.

It is earnestly insisted for the appellant that the only authority of the court to set aside a judgment at a subsequent term is conferred by section 518 of the Code, and that want of consideration is not ground for opening a judgment under that section. We do not find it necessary to consider that question. The proof clearly shows that the plaintiff was in a state of terror bordering upon hysteria and immediately repudiated the settlement and did not cash the checks then given her. Her condition was brought about by the defendant by his attorney acting for him. The settlement was plainly not voluntarily made, but was the result of duress. In such cases duress induced by intimidation is fraud, for to so impose on weakness is a fraud. The rule on the subject is thus well stated in 15 R. C. L. 645:

''Since parties are bound by judgments rendered by courts of competent jurisdiction, whether they expressly agree to the judgment or not, an express agreement that a particular judgment should be rendered gives to that judgment no peculiar character and renders it no more sacred than the ordinary

judgment, and it may be opened or vacated on adequate grounds, as, for example, for fraud, mistake or absence of real consent."

Judgment affirmed.