## Jones v. Jones.

(Decided November 30, 1926.)

### Appeal from Lincoln Circuit Court.

1. Divorce—Plaintiff's Right to Alimony in Lump Sum, though Payable in Installments, Held Not Affected by Remarriage.—Where plaintiff was granted an absolute divorce and a lump sum, payable in monthly installments, by way of alimony, her subsequent marriage to another held not to affect her right to portion of such alimony remaining unpaid.

2. Divorce—Court Held Without Power to Modify Judgment Granting Absolute Divorce and Alimony in Lump Sum After Term at which it was Entered.—Where court granted absolute divorce and lump sum as alimony, it had no power, after expiration of term, to modify judgment as to alimony.

C. C. WILLIAMS for appellant.

C. C. BAGBY and H. C. CRESS for appellee.

Opinion of the Court by Commissioner Hobson—
Reversing.

Appellant brought this suit against appellee for divorse and alimony on the ground of cruel and inhuman treatment. On the submission of the case to the circuit court a judgment was entered divorcing her from the defendant, but refusing her any alimony. She appealed to this court and it was here held that she was entitled to alimony. The court concluded its opinion with these words:

> "We have concluded, therefore, that the plaintiff should have been allowed $750.00 for alimony and that this should be payable at the rate of $25.00 per month until satisfied. . . . The judgment is reversed, with directions to enter a judgment as herein indicated." Jones v. Jones, 205 Ky. 538.

This decision was rendered on November 14, 1924. The mandate was duly issued, and at the February term, 1925, of the circuit court a judgment was entered pursuant thereto. Appellee paid several of the installments of $25.00, but on June 12, 1925, he entered a motion that the court modify the judgment and set aside so much thereof as required him to pay alimony to the plaintiff, because the situation of the parties had changed and the plaintiff had married and was then the wife of one B. F. Able. The motion came on for hearing at the next term of the court and on November 21, 1925, the court sustained the motion and adjudged that as the defendant had paid the alimony at the rate of $25.00 a month from the date of the judgment to the filing of his motion, the judgment for alimony should be modified and that he should pay to the plaintiff the further sum of $100.00, at the rate of $25.00 a month, and should be excused from the payment of any other sums. The plaintiff appeals.

It will be observed that by the judgment the wife was allowed a lump sum by way of alimony. The fact that this lump sum was to be paid at the rate of $25.00 a month until satisfied did not make it any the less a permanent allowance for alimony. The wife being divorced from the bonds of matrimony the allowance to her represented all interest she had in her husband's estate. It was not a mere allowance for support, it was an allowance in lieu of the interest she had in her husband's estate as his wife. If he, after the judgment, had become a

millionaire or if she had failed in health or lost all the
property she had at the time of the judgment, neither
event would have affected the rights of the parties, for
their rights were fixed by the final judgment entered pursuant to the mandate of this court. Whether she remained single or married again was immaterial. The
general rule on this subject is thus stated in 19 C. J.,
section 616, p. 269:

"Except in the case of fraud or mistake or
where the decree is continuing, as where the rights
of children are involved, or where the court has reserved jurisdiction in the decree, in the absence of
express or implied statutory authority to the contrary, by the weight of authority an allowance of
alimony on the granting of a divorce from the bonds
of matrimony is absolute, and cannot be altered after
the expiration of the term or the time in which a new
trial may be had or an appeal may be perfected."

In Scott v. Robertson, 212 Ky. 392, this court followed this rule. In that case, as here, it was insisted that
under previous decisions of the court the chancellor had
power to modify an allowance for alimony, but the court,
after considering the cases, said:

"'We have express authority (section 2121, Kentucky Statutes) for revision or vacation by the court
that rendered it of a judgment for divorce from bed
and board; but there is no statutory authority, either
express or implied, for the modification of a judgment for absolute divorce. We are, therefore, of the
opinion that the circuit courts of this state are without power to modify an allowance for permanent alimony accompanying a judgment of absolute divorce,
after the expiration of the term at which it was rendered unless the court in its judgment, expressly or
by necessary implication, reserves control of the
question of alimony."

There is nothing in our statutes taking such a case
out of the provisions of the Code, and under the Code a
final judgment at one term may not be modified at a subsequent term, except as provided in title 12 of the Code.
The cases in which a modification of the judgment has
been sustained were either cases where there had been no

absolute divorce or where the allowance was for the support of children or where no lump sum had been fixed. None of the Code grounds for modifying the judgment were shown.

Judgment reversed and cause remanded for a judgment as above indicated.