## H. A. Keach v. Roberta Keach.

(Decided January 25, 1927.)

### Appeal from Christian Circuit Court.

1. Divorce—Judgment for Alimony in Lump Sum, Becoming "Final" After Adjournment of Term at Which Rendered, Cannot be Modified Unless Court has Retained Right to do so.—Judgment for alimony in lump sum becomes final after adjournment of term of court at which it is rendered, and cannot thereafter be modified unless court in its judgment retains right to do so.

2. Divorce—Judgment for Alimony in Gross, Payable in Installments, Cannot be Modified After Adjournment of Term in which Rendered, Unless Court has Retained Such Right.—Judgment for alimony in gross, payable in installments, becomes final after adjournment of term of court at which rendered; no modification being possible thereafter unless court in its judgment retains right to do so.

3. Husband and Wife—Allowance for Maintenance May be Modified at Subsequent Term of Court to Meet Changed Conditions of Parties (Stats, Sections 2121, 2123).—Under Stats., sections 2121 and 2123, allowance for maintenance may be modified at subsequent term of court to meet changed conditions of parties.

4. Divorce—In Divorce Actions a Mensa et Thoro and a Vinculo Matrimonii, Alimony Allowance in Installments, no Gross Sum Being Fixed, May be Modified Subsequently Under Changed Conditions.—Judgments for alimony in actions for divorce a mensa et thoro and a vinculo matrimonii payable in installments with no gross sum fixed may be modified at subsequent terms of court to meet changed conditions of parties.

5. Divorce—In Suit for Modification of Alimony Payable in Installments, Consent Decree Held Not Subject to Modification, Except for Fraud, Mistake, or Absence of Consent.—In suit for modification of alimony, provided for in divorce decree, after agreement that alimony be paid in installments, mere fact that such agreement was entered as judgment of court held not to render it subject to modification because being for alimony in installments; judgment having the force of a final judgment, which could not be reopened except for fraud, mistake, or absence of real consent.

6.  Divorce—Consent Decree Fixing Alimony has Same Force as if
    Parties were Adversaries.—Consent decree, fixing alimony, has as
    much force in all respects as if parties thereto were adversaries.

7.  Divorce—Consent Decree for Alimony Can Only be Modified for
    Fraud, Mistake, or Absence of Real Consent.—Though consent
    decree for alimony, like ordinary judgment, may be opened for
    fraud, mistake, or absence of real consent, in other respects it is
    treated as agreement of parties, so that court is without power to
    open or modify it except on grounds mentioned.

W. H. SOUTHALL for appellant.

WHITE & CLARK for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In a suit in the Christian circuit court, Roberta Keach sought a divorce from her then husband, H. A. Keach. Proof was taken upon the grounds of divorce, and this was granted to the wife. An agreement was entered into by the parties as to alimony, maintenance and other property rights, it being further agreed that this should be entered as the judgment of the court, which was accordingly done. By the terms of that agreement and judgment, Mrs. Keach was allowed and Mr. Keach was directed to pay her as alimony, the sum of $150.00 per month so long as she lived and remained unmarried, and in the event that she survived him, she was to be paid the lump sum of $15,000.00 by his estate at his death. If she died or remarried before his death, the monthly allowances were to cease and her estate to receive nothing further from him, in consideration of which she surrendered and released all rights in and claims to his property, which seems to have been considerable. In the agreed judgment she was also given the custody of their infant daughter, aged 14, and he was directed to pay her the sum of $75.00 a month for the maintenance of this child. It was further adjudged "that the case be stricken from the docket, with leave to reinstate without notice, and to make such orders as to the infant child as from time to time might appear for the best interest of the child." That judgment was entered on the 21st of June 1922. Apparently H. A. Keach complied with the conditions of the judgment. However on the 26th of March, 1926, by a pleading filed in the original suit he sought to have the monthly allowances to his former

wife reduced from $150.00 per month to $75.00 per month, alleging that the judgment was entered at a time of price inflation and when business generally was good; that there had been a gradual shrinkage in values during the past four years, and that profits on all business, including his own—a mercantile establishment—has materially decreased. For the reasons stated he was able to make the payment without financial sacrifice at the time of the decree, but is not now able to do so. He further alleged that the daughter is now married and supported by her husband and is no longer a care upon her mother, though he does not allege that he has paid any part of the allowance for the latter's maintenance since her marriage. The lower court sustained a demurrer to the petition, upon which his failure to plead further was dismissed and he has appealed.

The rule in this jurisdiction is that a judgment for alimony in a lump sum becomes final after adjournment of the term of court at which it is rendered and cannot thereafter be modified unless the court in its judgment retains the right to do so, Scott v. Robertson, 212 Ky. 392; see also 19 C. J. 616, page 269; and the same rule prevails where the payment is made in installments, if the judgment for alimony is a sum in gross. Jones v. Jones, 216 Ky. 810. In cases of allowance for maintenance the right to modify an allowance at a subsequent term of court to meet the changed conditions of the parties is recognized by statute. Secs. 2121 and 2123, Ky. Statutes. And the same principle has been followed in judgments for alimony in divorce cases, both in actions a mensa et thora and a vinculo matrimonii, where installment payments are allowed and no gross sum is fixed. Sebastian v. Rose, 135 Ky. 197; Logan v. Logan, 2 B. M. 150; Simpson v. Simpson, 201 Ky. 282; Bristow v. Bristow, 51 S. W. 819; Staton v. Staton, 164 Ky. 688; Kelly v. Kelly, 209 Ky. 223. It will be observed, however, that in this case the parties agreed and settled their property rights, and further agreed that such settlement was to be entered as the judgment of the court and that this was done. It will further be observed that the parties had in mind a lump sum of $15,000.00, which was to be paid appellee at the death of her husband, if she survived him, the interest on this sum being almost equivalent to the monthly payments, though the payments should cease upon her death. There is no intima-

tion that this settlement was not fairly made and voluntarily entered into by both parties with the full knowledge of their mutual property rights. It is not claimed that there was any mistake in the agreement, or that it was contemplated for any subsequent change to be made therein, or that the judgment differed therefrom in any respect. In a long line of cases we have held that such agreements are in line with public policy and will be upheld and enforced by this court. Parsons v. Parsons, 62 S. W. 719, 23 Ky. L. R. 223; Branch v. Branch, 30 Ky. L. R. 417, 98 S. W. 1004; Hayden v. Hayden, 215 Ky. 299; Loud v. Loud, 4 Bush 453.

It is argued, however, that when an agreement and settlement of the property rights are entered as a judgment of court that it stands upon the same footing as any other judgment of the chancellor and is governed by the same rules that would apply if it were based on his own conclusions; that this decree was for alimony in installments, and can therefore be modified at a subsequent term of court. We fail to see the force of this reasoning. Certainly the validity of the original agreement is in no wise impaired by the verity imparted to it in being made a judgment of the court, and unless the settlement itself could be attacked in some of the ways mentioned, *supra,* the judgment ought not to be disturbed after the term at which it was rendered; indeed, the agreed or consent judgment substitutes the contract of the parties for the conclusions of the chancellor and the consent judgment becomes final in the sense that it cannot be appealed from or impeached for error and can only be impeached by attacking the settlement itself, or by showing that it is different from the settlement.

It was said in Lodge v. Williams, 195 Ky. 773:

"It is true that the judgment in question was entered by consent, but it was just as binding on the parties as if it had been rendered after trial on the merits, Williams, et al., v. Sears, et al., 186 Ky. 576, the only difference being that a judgment by consent is not appealable and can only be vacated in certain circumstances for fraud or want of consent. 15 R. C. L. 546; Bosworth v. Ky. Highlands R. R. Co., 183 Ky. 749; Schmidt v. Oregon Coal Mining Co., 28 Ore. 9, 52 A. S. R. 759; Jarboe v. Smith, 10 B. M. 257; Bank of Glad Springs v. McEwen, 160 N. C. 414.''

In Schmidt v. Oregon Gold Mining Co., cited, *supra*, it is said:

"Consent excuses error and ends all contention between the parties. It leaves nothing for the court to do but to enter what the parties have agreed upon, and when so entered the parties themselves are concluded. . . . But a consent decree is not in a strict judicial sense a 'judicial sentence.' 'It is,' says Mr. Gibson in his excellent treatise entitled Suits in Chancery, section 558, 'in the nature of a solemn contract, and is, in effect, an admission by the parties that the decree is a just determination of their rights upon the real facts of the case, had such been proved. As a result such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or viewed upon a writ of error. The one only way in which it can be attacked or impeached is by an original bill alleging fraud in securing the consent."

We have said:

"Where a decree is made by a consent of the parties the court does not inquire into the merits or equities of the case. The only questions to be determined by it are whether the parties are capable of binding themselves by consent and have actually done so. If these two facts appear, the court orders a decree to be entered, and when thus entered, showing on its face that it is by consent, it is conclusive upon the consenting parties. Stites v. McGee, 37 Ore. 574.

"A judgment by consent of parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, and it is placed upon and becomes of record by the consent and sanction of the court. The court does not settle the grounds or terms of it; it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment, and therefore the court cannot amend, modify or correct it, except by the consent of all the parties to it. It is essentially in its provisions the agreement of the

parties, and if the court should change it in any respect without consent, it would cease at once to be the judgment agreed upon by the parties; and such exercise of judicial power would be a practical denial of the right of the party prejudiced, or supposing himself prejudiced. to be heard according to law.'' Karnes v. Black, 185 Ky. 410. See also Faust v. Lou. Trust Co., 192 Ky. 3, in which Karnes v. Black is cited and approved.

From a consideration of these cases it may be laid down as a general rule that a consent judgment has as much force in all respects as if the parties were adversaries; that it is no more sacred than an ordinary judgment in that it may be opened for fraud, mistake or absence of real consent, 15 R. C. L., page 465, but in other respects it is treated as an agreement of the parties and given greater force than an ordinary judgment, and the court is without power to open or modify it except upon some one or more of the grounds stated *supra,* none of which appear in this case.

Wherefore, perceiving no error, the judgment is affirmed.