## Duff v. Duff.
(Decided Nov. 15, 1938.)

368

L. D. LEWIS for appellant.

J. H. ASHER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In Duff v. Duff, 268 Ky. 343, 104 S. W. (2d) 1095,
we affirmed a judgment awarding Mrs. Sylvania Duff a
divorce from A. J. Duff and granting her the use of
their dwelling house for a period of five years. When
that judgment was rendered in November, 1935, both
parties were close to 70 years old. They had been mar-
ried for over 49 years. As related in the opinion, when
the decree was first entered the chancellor awarded the
wife $1,000 as alimony. He denied restoration to the
husband certain property on Greasy Creek, the deed to
which had been made to the plaintiff at the defendant's
request, although the purchase price had been paid by
their joint efforts. A motion for a modification of the
judgment made at the same term was considered at the
ensuing March term, 1936, and for reasons stated the
court set aside that part of the judgment allowing the
wife $1,000. The second judgment then rendered was,
in part, that, "the use of the home and the premises
would be worth the sum of $20 a month, and the court
deems it best to permit the plaintiff to use and occupy
the house and premises as a home for a period of five
years. It is, therefore, ordered and adjudged by the
court that in lieu of alimony and in lieu of temporary
support and maintenance the plaintiff be permitted to
retain control and possession of the house and premises
in Hyden, Kentucky, which she now occupies, for a per-
iod of five years from and after this date, and at the
expiration of that period the court may hear additional

evidence touching the situation and condition of the parties and make further orders in relation to alimony or temporary support if it is just and proper."

In April, 1938, pursuant to notice, the defendant moved the court to set aside that part of the judgment. He showed that since it was rendered the plaintiff had remarried; that her husband, John Sizemore, is amply able to furnish her a home and support her, as he owns another home and is in such physical condition as enables him to work; that the plaintiff had received about $1,000 from the sale of timber on the Greasy Creek property; that she had had possession of their former home in Hyden since 1934; that he is infirm and has no income. The motion was continued but no opposition seems to have been entered to it. At the August term, 1938, the chancellor expressed the opinion, "As a matter of right the defendant ought to be given the relief which he seeks in his motion, but the court is of the opinion that he does not have jurisdiction sufficient to warrant the modification of said judgment and his motion is, therefore, overruled."

The former husband appeals and insists that the chancellor did have jurisdiction and authority to grant the relief he sought. The question, therefore, is as to the finality of the judgment awarding the former wife the use of the home for a period of five years. In Boehmer v. Boehmer, 259 Ky. 69, 82 S. W. (2d) 199, the power of a court to modify alimony or maintenance judgments under different circumstances is discussed and declared. As therein stated, the rule in this state is that the remarriage of the divorced wife to one capable of furnishing her suitable support constitutes grounds for terminating the former husband's obligation to pay the alimony decreed, and the court has power to relieve him from paying all installments, future and past, accruing after the remarriage. However, as is also stated, where a judgment has been rendered carrying out an agreed settlement of property rights providing for payment of alimony either in a lump sum or monthly payments, the court is without power, after the expiration of the term, to revise that judgment unless the agreement provides for a revision or the court retains control over the action. There should also be added an exception as to finality, unless the consent judgment was procured by fraud. McGuffin v. Chapman, 212 Ky. 579, 279 S. W. 987; Keach v. Keach, 217 Ky. 723, 290 S. W. 708.

Of course, where the judgment is for a lump sum or its equivalent, without an agreement, the judgment is final unless the case is retained under the control of the court. Scott v. Robertson, 212 Ky. 392, 279 S. W. 625; Jones v. Jones, 216 Ky. 810, 288 S. W. 737; Keach v. Keach, supra; Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663. It seems to us this judgment must be regarded of that class. Instead of awarding the $1,000 in money which, under the circumstances disclosed, would have required a sale of the property involved and put the wife out of a home, the chancellor deemed it best to give her the equivalent in the use of the property. That right of occupancy being worth $20 a month, the total would amount to $1,200, so that the present worth is not far different from the money judgment first entered. The difference in the two judgments is in the method of satisfaction. The case cannot be distinguished from the Jones Case, supra. This court, on appeal from the judgment fixing the property rights of the parties, directed that a judgment for $750 should be awarded the divorced wife, payable at the rate of $25 a month until satisfied. Jones v. Jones, 205 Ky. 538, 266 S. W. 48. The divorced wife remarried and the circuit court sustained the motion of her former husband to modify the judgment and relieve him of the monthly payments. On appeal, we held that the judgment was for a lump sum and the provision for its satisfaction in monthly amounts made it no less a permanent allowance. It was, as stated, not merely an allowance for support but it constituted the wife's interest in her husband's estate, fixed and unalterable. Accordingly the judgment modifying it was reversed. Jones v. Jones, 216 Ky. 810, 288 S. W. 737. See also Brown v. Brown, 172 Ky. 754, 189 S. W. 921; Keach v. Keach, supra; Campbell v. Campbell, 240 Ky. 202, 41 S. W. (2d) 1093. It seems to us the judgment in this case is final, and that the court divested itself of power to modify it until the expiration of five years.

Accordingly the judgment is affirmed.