[Civ. No. 3031.   Fourth Dist.   Apr. 27, 1942.]

S. A. MEEK, Appellant, v. ELLEN C. MEEK, Respondent.

Martin C. Thuesen for Appellant.

Harold M. Child and L. N. Barber for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from an order denying appellant's petition for a modification of a final decree of divorce.

In May, 1934, respondent was granted an interlocutory decree of divorce from appellant and it was ordered that appellant pay to respondent for the support and maintenance of respondent and the three minor children of the parties the sum of $100 per month, and it was further ordered that "the property settlement heretofore entered into being between the parties hereto be, and the same is hereby, approved and made a part of this decree." The same provisions were incorporated in the final decree entered in May, 1935. Said property settlement agreement provided that appellant would pay to respondent "the sum of $100 per month for the support, maintenance and education of said first party and said minor children."

At the time of the entry of the final decree all three of said children were minors, but at the time of the hearing of the petition for modification only one was still a minor. Several previous petitions for modification had been denied and the trial court in denying the petition and in the order now appealed from, provided:

"5. That the grounds upon which all of said prior applications were made were substantially the same as the grounds set forth in the moving papers herein, and there has been no material change in the situation of the parties since the adjudication of the court upon the previous applications for said orders.

"It is the conclusion of the court from the foregoing facts that the court has no jurisdiction to modify the final decree of divorce upon the grounds set forth in the plaintiff's notice of motion, and that the matter is res judicata, and that IT IS

THEREFORE ORDERED that the motion for an order modifying said final decree be and it is hereby denied."

After there had been a partial hearing of appellant's petition, respondent renewed her objection, made at the beginning of the hearing, that the court had no jurisdiction to grant the petition because of the provisions in the contract and the decree, and the court thereupon sustained the objection and denied the petition.

The second child of the parties became of age after the prior order and before the present proceedings were instituted. This is a sufficient change so that the doctrine of res judicata could not apply.

It is conceded by both parties that the sole question to be determined upon this appeal is whether the court had power to reduce the amount of $100 per month provided for in the agreement and in the final decree because of the fact that two of the three children of the parties are no longer minors. As was said by our Supreme Court in the case of *Miller* v. *Superior Court,* 9 Cal. (2d) 733, 737 [72 P. (2d) 868]:

"There are certain generally settled distinctions between alimony awarded by the court and payments due by virtue of property settlement between the parties. An award of alimony is subject to modification by the court to meet changed conditions. (*Ross* v. *Ross,* 1 Cal. (2d) 368 [35 P. (2d) 316]; *Armstrong* v. *Armstrong,* 132 Cal. App. 609 [23 P. (2d) 50]; sec. 139 Civ. Code.) A property agreement, although approved by the court in the divorce action, is not thereafter subject to modification by action of the court. (*Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172 [44 P. (2d) 540]; *Moran* v. *Moran,* 3 Cal. (2d) 342 [44 P. (2d) 546]; *Parker* v. *Parker,* 55 Cal. App. 458 [203 P. 420].)"

In the case of *Hodgson* v. *Hodgson,* 6 Cal. App. (2d) 496 [44 P. (2d) 544], the court said at page 499:

"We are likewise of the opinion here that upon the authority of the case of *Ettlinger* v. *Ettlinger, supra,* the property settlement in the instant case, having been accepted and adopted by the trial court, and incorporated in the interlocutory decree became a binding settlement and is not subject to modification. What we have said relates only to the provisions of the agreement relating to alimony or support of the former wife,—no attempt was made to reduce the amount of the allowance for the support of the minors, and that issue is not before us."

In the instant case it will be noted that the language of the contract and also the final decree is that appellant will pay to respondent the sum of $100 per month for the support, etc., of herself and the minor children. If the agreement and decree had provided that said sum was to be paid to respondent for her support and maintenance, it is clear under the authorities that the court would not have the power to change the amount. But it cannot be doubted that a portion of the said sum of $100 per month was agreed upon and provided for said minor children. There is nothing in the agreement from which we would be justified in concluding that the parties agreed that the respondent wife should continue to receive the said sum of $100 per month for her support and maintenance after the minor children became of age. If such were the intention, it could easily have been written into the agreement. It does not appear from the agreement itself just what property the parties owned at the time of its execution, but it does appear from the agreement that respondent wife received all of the property of the parties except an automobile.

So far as we have been able to discover there is no California case dealing with this precise question. However, in the case of *Keith* v. *Keith*, 270 Ky. 655 [110 S. W. (2d) 424], decided by the Court of Appeals of Kentucky in 1937, the facts are very similar to those of the instant case and the reasoning of that case commends itself to us. In the case cited a decree of divorce was granted to the wife in 1932 and the custody of four minor children was likewise awarded to her, and there was incorporated in the decree of divorce the agreement of the parties whereby the husband was to pay to the wife $90 per month for the support of herself and the said minor children. A petition was filed by the husband in 1936, to reduce the amount required to be paid by him upon the ground that one of the children had reached the age of majority and another was self-supporting. The trial court denied the petition upon the ground that the agreement which was incorporated in the judgment did not contain any reservation authorizing a reconsideration of the matter. In reversing the order of the trial court the Court of Appeals of Kentucky said:

"We now come to a consideration of the case on its merits. It is appellee's contention that the judgment being a 'consent' or agreed one between the parties, it is final and not subject

to be reopened or reconsidered by the court; on the other hand, it is the argument of appellant that the judgment is controlled by sections 2121 and 2123 of our Statutes, and is subject to review and modification by the court.

"It is the contention of appellee that the judgment was not an allowance for the children but for the wife, and for that reason it is final. We cannot accept such construction of the judgment. It is true that the judgment does not specifically set out that it is for the benefit of the wife alone or the children alone, or for the joint benefit of all of them. The judgment recites that the appellee was to have care and custody of the children and provide for them. No separate allowance was made or mentioned for the children. It is not reasonable to presume that the $90 a month was intended to be for the sole benefit of the wife, appellee, without making any provision for the children. (*Parks* v. *Parks,* 209 Ky. 127, 272 S. W. 419.) Appellee relies upon the case of *Keach* v. *Keach,* 217 Ky. 723, 290 S. W. 708. In that case the wife was allowed $150 a month alimony for her sole benefit and in addition thereto the husband was to pay $75 a month for the benefit of their child, a daughter fourteen years of age. Later he sought to have the $150 per month allowance to the wife modified, and it was held that the judgment in favor of the wife was final and could not be reopened except for fraud or mistake. But the child was not involved. To the same effect, see *Scott* v. *Robertson,* 212 Ky. 392, 279 S. W. 625, and *Jones* v. *Jones,* 216 Ky. 810, 288 S. W. 737. It appears that counsel for appellee has failed to grasp the distinction between the rules applicable where the wife is allowed a definite sum of alimony for her sole benefit, and where the alimony or allowance was allowed for the benefit of children, or wife and children jointly, as was done in the present case. (*Parks* v. *Parks, supra.*) . . .

"At the time the original judgment was entered in 1932, all the children were infants, but it appears from appellant's motion and affidavit two of the children have attained their majority, and appellant is under no legal duty to support the two adult children.

"However, we express no opinion as to whether or not the monthly payments which are now for the benefit of appellee and infant children should be reduced, but reserve that question. But our conclusion is that the court erred in dismissing appellant's motion upon the ground that the judgment was final and could not be reopened. The chancellor should have

determined appellant's motion upon the evidence and the merits of the case.''

We conclude that in the case at bar, the provision in the contract and in the final decree being that appellant should pay to respondent the sum of $100 per month for the support and maintenance of respondent and said minor children, the trial court erred in deciding that it did not have jurisdiction or power to modify said final decree notwithstanding the fact that two of the minors had reached the age of majority. We believe, therefore, that the order of the trial court denying appellant's petition should be reversed and that the trial court should proceed to hear the said petition upon its merits in the light of the changed condition as to the minority of said children, and determine what reduction, if any, should be made in the monthly sum to be paid to respondent. We are, of course, expressing no opinion as to the amount of said reduction, if any, as that is a matter exclusively for the trial court to determine upon its merits.

It is so ordered.

Barnard, P. J., and Marks, J., concurred.