**Maxine K. DAME, Movant,**

v.

**Clyde F. DAME, Respondent.**

Supreme Court of Kentucky.

March 9, 1982.

Thomas E. Turner, Mills, Mitchell & Turner, Madisonville, for movant.

W. E. Quisenberry, Quisenberry & Quisenberry, Calhoun, for respondent.

STERNBERG, Justice.

The marriage of Maxine K. Dame and Clyde F. Dame was dissolved in the McLean Circuit Court on June 26, 1975. In the decree dissolving the marriage the court, in considering the subject of maintenance, wrote: "It is further ordered that the petitioner pay to the respondent as maintenance the sum of $100 per month for a period of 60 months or until the remarriage of respondent, whichever happens first."

On the first day of July, 1980, five years and five days after the decree of the original award of maintenance, Maxine filed a motion in the McLean Circuit Court seeking to have the original (6–26–75) award of maintenance amended and modified so as to provide that Clyde pay her as maintenance the sum of $300 per month until the death of either of them or until further orders of the court. Clyde moved the court to strike Maxine's motion on the ground that said matter had previously been adjudicated in the final decree of dissolution. On September 10, 1980, Clyde's motion was granted and Maxine's motion for modification and amendment was denied and stricken from the record. From this order Maxine appealed to the Court of Appeals of Kentucky where the judgment of the trial court was affirmed. This court granted review on September 15, 1981.

As this court evaluates the facts, there is only one issue, which is:

"Does the circuit court have jurisdiction to change an award of maintenance in a fixed and determinate amount to be paid either in a lump sum or for a specific amount to be paid over a definite period of time?"

KRS 403.250 provides as follows:

"Modification or termination of provisions for maintenance, support and property disposition.—(1) Except as otherwise provided in subsection (6) of KRS 403.180,

---

the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

(2) Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

(3) Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child but not by the death of a parent obligated to support the child. When a parent obligated to pay support dies, the amount of support may be modified, revoked, or commuted to a lump sum payment, to the extent just and appropriate in the circumstances."

It is argued that this statute authorizes an amendment to or modification of an award of maintenance regardless of whether the award is open-end or is for a fixed and determinable amount or at a time prior or subsequent to the termination of the maintenance award. This issue has not been responded to by this court since the adoption of the No-Fault Divorce Act of the 1972 Session of the Kentucky General Assembly. Prior thereto this question had consistently been answered by this court as stated in *Cawood v. Cawood*, Ky., 329 S.W.2d 569 (1959), that, "A judgment granting lump sum alimony is not subject to modification upon a change of conditions, as is the case where alimony is payable in installments." This court further wrote in *Duff v. Duff*, 275 Ky. 367, 121 S.W.2d 933 (1938), "Of course, where the judgment is for a lump sum or its equivalent, without an agreement, the judgment is final unless the case is retained under the control of the court." In other words, an open-end award of maintenance could have been modified

while an award of a fixed sum or its equivalent could not be thus modified.

So much of KRS 403.250 as provides that "the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable" leaves the jurisdiction of the circuit court to amend or modify an award of maintenance in confusion. Does the statute purport to apply to open-end awards only? If so, then the action of the legislature in enacting KRS 403.-250 merely carried into the statute the law as it existed prior to the adoption of the statute. On the other hand, did the legislature in enacting KRS 403.250 intend to extend the jurisdiction of the circuit court so as to permit it to amend or modify a lump sum award of maintenance as well as an open-end award? To adopt this latter reasoning would then necessitate the court's deciding the further questions of whether the jurisdiction to amend or modify must be exercised before the expiration of the period for which the initial award was made or whether the amendment or modification could be made after the period for which the initial lump sum award was ordered.

The purposes of KRS Chapter 403 are as follows:

"403.110. Purpose of chapter.—This chapter shall be liberally construed and applied to promote its underlying purposes, which are to:

(1) Strengthen and preserve the integrity of marriage and safeguard family relationships;

(2) Promote the amicable settlement of disputes that have arisen between parties to a marriage;

(3) Mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage;

(4) Make reasonable provision for spouse and minor children during and after litigation; and

(5) Make the law of legal dissolution of marriage effective for dealing with the realities of matrimonial experience by

making irretrievable breakdown of the marriage relationship the sole basis for its dissolution."

The law favors finality to litigation. To extend the jurisdiction of the circuit court so as to permit it to amend or modify an award of maintenance other than an open-end award would do nothing toward finalizing distasteful litigation. Certainly and most assuredly, the purposes sought by KRS 403.110, supra, would be frustrated.

In Kentucky Family Law, Divorce, Sec. 25.17, Professor Petrilli wrote "The most frequent cases where the decree is construed to be final are property settlements, lump sum awards, payable in one installment, and lump sum awards, payable in periodic installments (sometimes called alimony-in-gross)."

Other jurisdictions have considered this precise issue. In *In Re Marriage of Gallegos*, Colo.App., 580 P.2d 838 (1978), the marriage was dissolved and the husband was ordered to pay maintenance until a day certain, at which time maintenance was to terminate. The wife, prior to the termination date, filed a motion to increase maintenance. The applicable Colorado statute provided:

" '... the provisions of any decree respecting maintenance or support may be modified as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable ....' "

The similarity of the Colorado statute to KRS 403.250 comes about by reason of both the Commonwealth of Kentucky and the State of Colorado having adopted the Uniform Marriage and Divorce Act. The Colorado Court of Appeals held that irrespective of the date of the filing of the motion to increase maintenance prior or subsequent to the termination date, the trial court was precluded from modifying the original award. In disposing of the issue, the court wrote:

"... Hence, we conclude that where, as here, maintenance is in a fixed and determinable amount to be paid either in a lump sum or is for a specific amount to be paid over a definite term, unless the power to do so is expressly reserved by the court, it is alimony in gross and has the finality of a judgment, and thus, is not subject to modification on the basis of a change in circumstances...."

In *Lindsay v. Lindsay*, 115 Ariz. 322, 565 P.2d 199 (1977), the Court of Appeals of Arizona had before it a maintenance award which ordered the payment of $400 per month for a period of three years. Arizona had adopted the Uniform Marriage and Divorce Act in 1973. After stating the pre-1973 rule on the award of maintenance, the Court of Appeals of Arizona wrote:

"... This argument assumes that the award is for a 'lump sum' and that prior Arizona case law precluding the modification of lump sum spousal maintenance awards remains applicable to decrees entered subsequent to the 1973 statutory amendments. We are of the opinion that appellant's underlying assumptions are sound...."

The court went on to hold that pursuant to the language contained in the amendment to the statute dealing with modification of a maintenance award both pre and post 1973 statutes "providing for maintenance to be paid in installments for a specified number of months or years were lump sum awards, and that lump sum awards were not subject to modification even upon a showing of a change in circumstances."

We do not understand KRS 403.250(1) to confer upon the courts of this state broader jurisdiction to modify an award of maintenance then existed prior to its adoption. We view KRS 403.250(1), subject to the exception therein stated, as limiting the courts' traditional jurisdiction for modification of an open-end award of maintenance and, even then, modification "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable."

The law being as it is, we affirm the decision of the Court of Appeals of Kentucky.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur, except CLAYTON, J., who dissents and files herewith a dissenting opinion.

CLAYTON, Justice, dissenting.

I respectfully dissent from the majority's interpretation of KRS 403.250(1). The statute plainly says:

"[T]he provisions of *any* decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." (Emphasis added).

In my opinion, the words "any decree respecting maintenance" do not mean only open end decrees but, rather, all maintenance decrees regardless of the payment terms or whether the trial court expressly reserved the power to modify.

I do not deny that finality to litigation is a strong competing interest. However, I think ensuring reasonable support for one with precarious financial security must hold sway even when the price is a subsequent court hearing. The standard for modification, unconscionability, is sufficiently difficult to meet so as to preclude modification awards except in the most extreme and deserving cases.

I would reverse the decision of the Court of Appeals and remand the case to the McLean Circuit Court for a hearing on the issue of modification.