Judy Kay LOW and William R.
Harris, Appellants

v.

Burnell Ray LOW, Appellee.

No. 88–SC–801–DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

G. Sidnor Broderson, Timothy D. Mefford, Franklin, for appellants.

James H. Lucas, Janet Jobe, English, Lucas, Priest & Owsley, Bowling Green, for appellee.

LAMBERT, Justice.

This Court granted discretionary review to reconsider our decision in *Dame v. Dame*, Ky., 628 S.W.2d 625 (1982), in order to determine whether the occurrence of any circumstance authorizes the trial court to modify a lump sum maintenance award.

The essential facts of this case are uncomplicated. In 1984 the marriage of appellant Judy Kay Low and appellee Burnell Ray Low was dissolved. By the terms of the decree and as a part of the division of marital property, appellee was required to execute an interest-bearing promissory note in favor of appellant for the sum of $11,600 and being payable in monthly installments of five hundred dollars. The trial court also determined that maintenance should be awarded and required appellee to pay appellant the sum of fifty dollars per week for a period of three years. No appeal was taken from this decree.

In 1985, and during the pendency of contempt proceedings against appellee, the parties entered into an agreement which modified the original decree. It was agreed that so long as appellant received maintenance, appellee would be required to pay only interest on the $11,600 note, but upon the expiration of the maintenance award, payment of principal and interest on the note would resume. An order was entered reflecting the agreement and neither party appealed.

While maintenance and interest payments were ongoing, but before resumption of principal payments upon the note, appellee filed a voluntary petition in bankruptcy. He listed the note to appellant as an indebtedness and the bankruptcy court granted him discharge of this obligation. In the same proceeding appellee sought and obtained exemption of his employee pension account of about $35,000, the parties' principal marital asset and the primary basis for allocation of the promissory note to appellant.

Upon the occurrence of this event, the parties went back to court. Appellant sought an increase in child support, an increase and extension of maintenance, and attorneys' fees. Upon consideration of the evidence and in a thorough opinion, the trial court decided the issues presented. An increase in child support was denied. As to maintenance, the trial court held that the bankruptcy proceeding amounted to "a change of conditions that is (so) substantial and continuing as to require the court to provide some relief." On this basis the duration of maintenance was extended for two years beyond its original termination date and appellant was awarded attorney's fees.

On appeal, the judgment of the trial court was reversed. Accurately characterizing the original maintenance order as a "lump sum award" * and relying on our decision in *Dame*, the Court of Appeals held that modification was not permissible.

By virtue of the provisions of KRS 403.200, maintenance may not be awarded until account has first been taken of the assignment and division of property. *Hollon v. Hollon*, Ky., 623 S.W.2d 898 (1981). Under the statute, the exact terms of the maintenance award depend, *inter alia*, upon the decision of the court as to the ownership of property. KRS 403.-200(2). Upon a determination that the spouse seeking maintenance qualifies for such an award under KRS 403.200(1), the determination of amount and duration is governed by section (2) of the statute which requires consideration of all the financial resources of the parties. *Roberts v. Roberts*, Ky.App., 744 S.W.2d 433 (1988). Thus, any award of maintenance being wholly dependent upon the value of property received by the spouse seeking maintenance, it necessarily follows that a proper award is impossible unless the trial court can be reasonably assured that its determination of property ownership will be realized.

In *Dame v. Dame, supra*, this Court construed KRS 403.250, a statute relating to modification of maintenance, etc., without any reference to division of property. There was no contention that the spouse seeking an extension of maintenance did not realize all benefits awarded in the original decree. The sole question presented was whether the circuit court could modify the lump sum maintenance award based on a change of circumstances. Relying substantially on the beneficial aspects of finality of litigation and certainty of obligation, we distinguished lump sum awards from open-end awards and held that maintenance awards payable in a lump sum could not be modified by simply showing "changed circumstances." On the facts presented in *Dame*, the result we reached was proper.

As previously discussed, a strong nexus exists between property awarded and maintenance. In a proper application of the statutes, the trial court should formulate a comprehensive plan for allocation of re-

---

* This was defined by The Court of Appeals as a "fixed sum payable over a specified period of time."

sources in an equitable manner. Upon occasion, however, extraordinary events may intervene which render full compliance with the decree impossible and defeat the scheme formulated by the court. As a result, one party may reap a windfall while the other is left to suffer. In equity and good conscience, this Court cannot approve prospective application of one provision of a decree when another and essential provision of the same decree has failed entirely.

In the case at bar, an examination of the original decision of the trial court reveals a carefully formulated plan to equitably divide marital property and allocate scarce resources for the benefit of the parties and their children. Under this plan, and in addition to her modest earnings, appellant was awarded child support, maintenance, and the $11,600 note payable in monthly installments of $500. Under the law, the value of the note and the income it provided were considered by the court in determining the amount and duration of maintenance. Upon discharge of the note in the bankruptcy proceeding, an essential element of the trial court's formulation was eliminated. As such, the maintenance award was left without a sufficient legal predicate. Upon confrontation with such a circumstance and with due regard for the requirements of KRS 403.250, the trial court properly entertained the motion for modification of maintenance to compensate for loss of the note.

This decision should not be read as a significant departure from *Dame*. In ordinary circumstances parties may continue to rely upon the finality of a lump sum maintenance award. But upon the occurrence, as in the case at bar, of an event causing manifest inequity, *Dame* may not be used as a shield to prevent restoration of the underlying purpose of the decree.

Accordingly, the opinion of the Court of Appeals is reversed, and the order of the trial court is reinstated in every respect.

All concur.