**Shirley A. BAKER, Appellant,**

v.

**George BAKER, Appellee.**

**No. 88–CA–2291–MR.**

Court of Appeals of Kentucky.

Dec. 1, 1989.

As Modified Jan. 19, 1990.

Rehearing Denied March 9, 1990.

Septtimous Taylor, Carroll & Taylor, Owensboro, for appellant.

Philip G. Abshier, Bamberger & Abshier, Owensboro, for appellee.

Before CLAYTON, ELSWICK and McDONALD, JJ.

McDONALD, Judge.

Shirley Baker and George Baker were divorced by decree of the Daviess Circuit Court in 1986. The parties originally married in 1956. They were divorced in 1972 but remarried the following year. This appeal is from the circuit court's denial of Shirley's petition to modify the maintenance provisions of the divorce decree.

A report made by the master commissioner was modified and adopted by the court in its decree. The commissioner's findings included the following:

> Petitioner/wife is 47 and unemployed. She possesses a 6th grade education with no employment training or vocational skills. She worked as a bar maid for a brief period of time approximately 15 years ago. Respondent/husband is 51 and employed at Babcock & Wilcox where his annual gross income is $49,500.00 a year and in years past he has had $1,800.00 a month travel expenses.
>
> ....
>
> We find that the Petitioner lacks sufficient property, including marital, to provide for her reasonable needs, *and* is unable to support herself through *appropriate* employment [emphasis the commissioner's] KRS 403.200(1)(a)(b), *Casper v. Casper*, 510 S.W.2d 253 (Ky.App.1974).

Of the marital property, the commissioner found that it included a thrift plan which had accumulated through George's employment. The report continued:

> The marital portion of the Thrift Incentive Plan has an agreed value of $58,751.81. The Petitioner does not desire a cash distribution for her portion at this time and the Respondent is concerned with the tax consequence upon an early withdrawal of funds from the plan. Therefore, the Petitioner shall receive

her share of the benefits from the plan based upon one-half of the above amount at such time as the Respondent activates his participation of benefits in the plan.

> ....

> The Respondent shall pay unto the Petitioner maintenance in the sum of $800.00 per month until she remarries, dies, *or upon the commencement of her participation in the Thrift Plan, whichever occurs first.* [Emphasis added.]

Shirley's troubles stem from the fact that George cashed in the thrift plan a few weeks after the decree was entered. He continued to pay maintenance for approximately ten months, at which point he informed Shirley that he would give her her share of the plan and discontinue her monthly payments. Shirley refused to accept the money (which amounted to just over $29,000), instead filing her petition requesting that the divorce decree be modified to continue her maintenance payments.

It is well established in Kentucky that a divorce decree awarding a fixed sum for "maintenance," payable either in one distribution or in installments, is not modifiable. *See Cawood v. Cawood*, Ky., 329 S.W.2d 569 (1959); *Dame v. Dame*, Ky., 628 S.W.2d 625 (1982).[1] The circuit court in this case reluctantly decided that this rule prohibited it from granting Shirley the requested relief, despite its finding that Shirley's portion of the thrift plan "will simply be inadequate to support her."

We see ample evidence in the record to support the finding that Shirley will be unable to survive on her half of the plan. We do not, however, think that the peculiar wording of the commissioner's report precludes any continuation of her maintenance. The applicable statute, KRS 403.250(1), provides that "*any* decree respecting maintenance or support may be modified" upon a showing of unconscionability (emphasis added). *See Roberts v. Roberts*, Ky.App., 744 S.W.2d 433, 437 (1988); *Dame v. Dame, supra* at 628 (Clayton, J., dissent-

---

1. *Low v. Low*, Ky., 777 S.W.2d 936 (1989), is a minor retreat from the rule in *Dame v. Dame*, Ky., 628 S.W.2d 625 (1982).

ing). The trial court labeled the maintenance and/or property award to Shirley "neither fish nor fowl" but one which had the characteristics of both an open-ended and a lump sum award. It is our opinion that the award was *both* fish and fowl. There was, first, an award of marital property to Shirley, i.e., her portion of the thrift plan. Her right to this is undisputed. There was on the other hand an award of periodic maintenance, terminable at an indefinite point in the future. No doubt when the commissioner's report was made it was anticipated that the thrift plan would not be cashed in at least until George's retirement, since the commissioner found that "the Petitioner does not desire a cash distribution for her portion at this time and the Respondent is concerned with the tax consequence upon an early withdrawal of funds from the plan." It would further appear from the wording of the report that the plan was erroneously perceived as a kind of retirement fund.[2] It is very clear that no one except George—not the court, the commissioner or Shirley—intended that George should be able to avoid maintenance by giving Shirley her rightful half of the marital portion of the plan. Therefore, we do not think he should be allowed to avoid the same obligation by prematurely cashing in a marital asset.

In short, we think that the award of maintenance, being payable for an indefinite period of time, was, unlike the property arrangements of the decree, sufficiently open-ended to permit modification. We do not consider it necessary to use the vehicle of CR 60.02 to do so, as Shirley suggests. It is sufficient that modifications of maintenance are authorized by statute.

The order of the Daviess Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.

2. From the record, however, we find no basis for Shirley's argument that this apparent error was the result of deliberate fraud on George's part.