In re Billy Dale **HENDERSON** Debtor.

**Billy Dale Henderson, Plaintiff,**

v.

**Rita Henderson, Defendant.**

**Bankruptcy No. 03–11535.
Adversary No. 04–1016.**

United States Bankruptcy Court,
W.D. Kentucky.

April 11, 2005.

Mark H. Flener, Bowling Green, KY, for Plaintiff.

Elizabeth D. Wasson, Keen & Hardin, Bowling Green, KY, for Defendant.

### MEMORANDUM–OPINION

JOAN LLOYD COOPER, Bankruptcy Judge.

This matter came before the Court on January 12, 2005 for trial on the Complaint Seeking Damages for Violation of Discharge Injunction of Debtor/Plaintiff Billy Dale Henderson ("Debtor") against Defendant Rita Gaylene Henderson ("Defendant"). The parties were given additional time to supplement the record following trial after which the matter was taken under submission. For the following reasons, the Court enters Judgment in favor of the Defendant.

## FACTS

On or about May 30, 2002, Debtor and Defendant entered into an Agreement regarding the dissolution of their marriage. A pertinent term of the Agreement provided:

8.5 The parties acknowledge that the marital debts currently include an outstanding indebtedness to Chase Bank listed in the name of the Petitioner [Defendant] in the approximate amount of $7,500 representing an indebtedness on a credit card. The Respondent [Debtor] shall assume sole responsibility for this indebtedness and shall hold the Petitioner harmless from the payment of same. The Respondent will use his best efforts to have the Petitioner released as a party obligor to the bank.

The parties also agreed in the Agreement that neither party was entitled to an award of maintenance. See, paragraph 10 of the Agreement, a copy of which was attached as Exhibit 1 to the Complaint.

On or about July 15, 2003, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Debtor did not list Defendant as a creditor on his Petition.

On or about September 9, 2003, Defendant filed a Motion for Contempt against Debtor in the Butler Circuit Court seeking Debtor's compliance with the terms of the Agreement. Chase began efforts to collect the $7,500 debt from Defendant after Debtor filed his bankruptcy petition.

On or about November 6, 2003, Debtor received his discharge from the Bankruptcy Court which included discharge of the debt to Chase.

After entry of the discharge Order, the Butler Circuit Court entered an Order on Defendant's Motion for Contempt on December 17, 2003. The Order required Debtor to pay Defendant $700 per month for a period of 12 months as maintenance. Since entry of this Order Debtor has been served with a Show Cause Motion in Butler Circuit Court due to his failure to pay the maintenance award.

On February 3, 2004, Debtor moved to reopen his bankruptcy case in order to file an adversary proceeding for violation of the discharge injunction. The Order reopening the case was entered February 5, 2004.

On or about March 8, 2004, Debtor filed his Complaint seeking a judgment against Defendant for violation of the Court's discharge injunction pursuant to 11 U.S.C. § 524.

## LEGAL ANALYSIS

Debtor contends Defendant violated the discharge injunction of 11 U.S.C. § 524 by filing the Motion for Contempt in the Butler Circuit Court based on Debtor's failure to pay a debt that was discharged in bankruptcy. According to Debtor, the Butler Circuit Court's Order awarding maintenance was an "end run" around the discharge Order. Debtor contends Defendant should have pursued her rights by filing an action pursuant to 11 U.S.C. § 523(a)(15). This Court disagrees.

A review of the Debtor's bankruptcy petition shows that Defendant was not listed as a creditor. Thus, Defendant had no opportunity to litigate the dischargeability issue. Furthermore, the debt at issue was one owed to Chase, a third party, not Defendant. As in McDonald v. McDonald, 882 S.W.2d 134 (Ky.App.1994) relied upon by Defendant, the Agreement entered into by the parties in the divorce action contained a hold harmless provision. There has been no action by the Debtor to discharge this obligation to Defendant and it remains in effect. Unlike the facts in McDonald, Chase has begun collection efforts against Defendant. The Court finds

this significant because it may justify the Butler Circuit Court's actions with regard to the maintenance award.

■ Unfortunately, the record before this Court provides no illumination on the Butler Circuit Court's reasoning for its award of maintenance in the December 17, 2003 Order. Kentucky domestic relations law limits the circumstances under which a divorce decree provision on maintenance and property dispositions may be modified. *See*, KRS 403.250 and *Low v. Low*, 777 S.W.2d 936 (Ky.1989). This Court is not in a position to second guess the Butler Circuit Court's reasoning. While this Court has exclusive jurisdiction to determine issues of dischargeability under 11 U.S.C. § 523(a)(15), including a determination of what is in the nature of a property settlement or in the nature of maintenance, alimony or support, its power to decide alimony and maintenance issues is, and should be limited. Alimony, maintenance and support are issues within the exclusive domain of state divorce courts and bankruptcy courts are not to intrude into the state's traditional authority over domestic relations issues. *In re Fitzgerald*, 9 F.3d 517, 521 (6th Cir.1993).

■ This Court does not view the Butler Circuit Court's Order awarding maintenance as an "end run" around the discharge injunction as in *In re Brabham*, 184 B.R. 476 (Bankr.D.S.C.1995). Debtor received his discharge and his debt to Chase was discharged. He did not, in that proceeding, discharge any obligations owed to Defendant. Nothing in the Butler Circuit Court's Order revives the debt to Chase.

■ The Court finds that Debtor is essentially requesting this Court to review the propriety of the Butler Circuit Court's Order. State court litigants cannot file collateral attacks on civil judgments in federal district courts, but must instead seek review in the state appellate process or in the United States Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). This is known as the Rooker–Feldman doctrine. This doctrine has often been applied to preclude bankruptcy court review of state court decisions. *See, In re Singleton*, 230 B.R. 533 (6th Cir. BAP 1999) and cases cited therein. If Debtor is entitled to relief from the Butler Circuit Order, it must be sought in the Kentucky state courts.

### CONCLUSION

For all of the above reasons, judgment is entered in favor of Defendant Rita Henderson and against Debtor/Plaintiff Billy Dale Henderson. A Judgment incorporating the findings herein accompanies this Memorandum–Opinion.