**Kerry Drew WOODSON, Appellant,**

v.

**Kimberla WOODSON, Appellee.**

No. 2010–SC–000053–DG.

Supreme Court of Kentucky.

May 19, 2011.

262

Michael Richard Slaughter, Louisville, KY, for Appellant.

James Paul McCrocklin, Louisville, KY, for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

The facts in this divorce case are straightforward and undisputed. The parties were divorced on September 16, 2005, by the Jefferson Circuit Court. Incorporated into that judgment was a settlement agreement reached by the parties. A provision of this agreement awarding maintenance to Appellee presents the sole issue of this appeal. Paragraph 8 of that agreement states as follows:

> The Court, having considered the Petitioner's high-school education, limited vocational training, and the fact that the Petitioner is the sole caregiver to the parties' one special needs child who is medically incapable of attending day care or babysitter, hereby awards maintenance to the Petitioner from the Respondent in the amount of $338.00 per month for a period of five years, taxable to the Petitioner and tax deductible to the Respondent, effective September 20, 2004.

On July 25, 2008, Appellant filed a motion to modify the court-ordered maintenance provided for in the settlement agreement. On September 2, 2008, the Jefferson Circuit Court entered an order denying Appellant's motion on the grounds that it lacked jurisdiction and that the maintenance award was not subject to modification pursuant to *Dame v. Dame*, 628 S.W.2d 625 (Ky.1982). In an opinion highly critical of the *Dame* case, the Court of Appeals nevertheless affirmed the trial court's order denying a modification of maintenance.

The *Dame* case has been under a great deal of criticism almost from the time of its inception. *See* LOUISE E. GRAHAM & JAMES E. KELLER, KENTUCKY PRACTICE § 16.21 (3d ed.2008). Most importantly, the imple-

mentation of *Dame* has calcified the ability of a trial court to exercise its sound discretion when balancing all the various factors which should be considered in reaching a fair result in post-judgment modifications.

The facts in *Dame*—although centered on the same principle as in this case—reflect the flip side of the coin factually. In *Dame,* the ex-wife filed a motion to increase the amount of maintenance, which was denied. In interpreting KRS 403.250, the *Dame* court stated that it had no jurisdiction to modify an agreement fixing a set amount of maintenance to be paid either in a lump sum or in a specific amount over a definite period of time. The *Dame* court supported its holding by citing the pre-No Fault Divorce Act case of *Cawood v. Cawood,* 329 S.W.2d 569 (Ky.App.1959).

■ Appellant now comes to this Court asking that the twenty-year-old *Dame* case be overruled and this matter be reversed and remanded to the trial court for further proceedings allowing the motion to modify maintenance to be considered.

This Court unanimously agrees that it is time for *Dame* to go.

■ KRS 403.110, in describing the purpose of that chapter, states that it shall be "liberally construed and applied to promote its underlying purposes." One of those purposes is to "[m]itigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." *Id.* at subsection (3). The potential harm of a trial court not being able to modify a maintenance provision can lead to the financial ruination of a party.

In *Dame,* this Court adopted a Colorado concept of "alimony in gross," which placed the pursuit of finality in divorce cases ahead of reality. Said Justice Sternberg, writing for the Court in *Dame:* "To extend the jurisdiction of the circuit court so as to permit it to amend or modify an award of maintenance other than an open-end award would do nothing toward finalizing distasteful litigation. Certainly and most assuredly, the purposes sought by KRS 403.110, *supra,* would be frustrated." 628 S.W.2d at 627.

KRS 403.250(1) states in part:

Except as otherwise provided in subsection (6) of KRS 403.180, the provisions of *any* decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. (Emphasis added.)

In giving the statute its obvious meaning, all decrees "respecting maintenance" are modifiable under certain circumstances. This is precisely the point that was made by Justice Clayton in his dissent in *Dame.*

We believe that the *Dame* court erroneously codified into KRS 403.250(1) the holding in *Cawood.* Therefore, we hold today that a maintenance award in a fixed amount to be paid out over a definite period of time is subject to modification under KRS 403.250(1), thereby overruling *Dame.*

■ In saying farewell to *Dame,* we do not belittle the compelling need for finality in all divorce cases. The burden of proof to change maintenance orders is sufficiently strict to insure relative stability and finality. It requires the showing of "changed circumstances so substantial and continuing as to make the terms unconscionable." KRS 403.250(1). However, the statute does not divest trial judges of the discretion to decide when modification outweighs the virtue of finality in seeking fairness and equity in what many times may be dire consequences and complicated options.

Based upon the foregoing, the decision of the Court of Appeals is hereby reversed

and this matter is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.

All sitting.   All concur.