MAZE, JUDGE:
Cherie Jaburg (Cherie) appeals the order the Jefferson Family Court that modified the obligations of Appellee, John Scott Jaburg (John), under the parties' marital settlement agreement. We hold the family court did not have the authority to modify the marital settlement agreement and reverse and remand for proceedings consistent with this opinion.
BACKGROUND
John and Cherie were married in 1981 and a decree of legal separation was granted in 2004. To effectuate their divorce, the parties entered into a Property Settlement Agreement (the Settlement Agreement). The Settlement Agreement contained a maintenance clause stating "Petitioner [Cherie] shall be entitled to permanent maintenance in the amount of $2,700 per month until the Petitioner either dies or remarries. The parties agree this amount is non-modifiable." The Settlement Agreement also required John to keep Cherie on his military health insurance policy, to pay Cherie's insurance premiums, and to maintain a life insurance policy with Cherie named as the primary beneficiary. The Settlement Agreement also contained a catch-all modification or waiver clause stating that "[n]o modification or waiver of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties hereto."
Ten years later, John moved to terminate his obligations to provide maintenance, pay Cherie's insurance premiums, and to maintain a life insurance policy with Cherie as the beneficiary. John alleged that he had been notified he would be losing his position at Chamber Corporation due to downsizing and would be unable to meet his obligations under the Settlement Agreement in the future. John contended his pending unemployment constituted a changed circumstance so substantial and continuing it rendered continued enforcement of the Settlement Agreement unconscionable; therefore, it was modifiable under KRS 1 403.250(1).
After a hearing on the matter, the family court agreed and granted John's motion. Cherie then moved, pursuant to CR 2 60.02, to alter, amend, or vacate the order, arguing the non-modification clauses in the Settlement Agreement precluded the parties *13 from seeking modification. The family court denied the motion, finding KRS 403.250(1) gave it authority to modify a settlement agreement that had become unconscionable, even if it contained a non-modification clause. This appeal follows.
STANDARD OF REVIEW
This case involves the interpretation of a marital settlement agreement and the family court's statutory authority to modify that agreement. Accordingly, only issues of law are involved and our review is de novo. Sadler v. Buskirk , 478 S.W.3d 379, 382 (Ky. 2015) ; Artrip v. Noe , 311 S.W.3d 229, 231 (Ky. 2010).
ANALYSIS
John argues, for the first time on appeal, that the terms of the Settlement Agreement did not preclude the family court from terminating his maintenance obligation because the maintenance clause stated that the parties agreed only that "this amount was non-modifiable." Under this reasoning, the duration of Cherie's maintenance award was not constrained by the non-modification provision; therefore, the family court had the authority to terminate John's maintenance obligation. We are not persuaded. By terminating John's maintenance obligation, the family court did modify the amount of maintenance Cherie received a month: she received $0.00. Moreover, John's interpretation of the maintenance clause conflicts with the Settlement Agreement's catch-all modification or waiver clause, which prohibits modification of "any" term of the agreement absent a valid writing executed by both parties. Therefore, we find the express terms of the Settlement Agreement prohibited either party from unilaterally seeking modification of its terms.
We now turn to the family court's finding that KRS 403.250(1) gave it authority to modify the Settlement Agreement despite the presence of non-modification clauses. Under KRS 403.180(1), the parties to a dissolution of marriage action may enter into a written separation agreement containing provision for maintenance and the disposition of property. Unless the family court finds the separation agreement unconscionable, the agreement's terms shall generally be binding on the parties and the court. KRS 403.180(2). However, KRS 403.250(1) states that "[e]xcept as otherwise provided in subsection (6) of KRS 403.180, the provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Under KRS 403.180(6), the parties to a dissolution of a marriage "may expressly preclude or limit modification of terms if the separation agreement so provides." By including such a clause in the separation agreement, "the parties may settle their affairs with a finality beyond the reach of the court's continuing equitable jurisdiction elsewhere provided." Brown v. Brown , 796 S.W.2d 5, 8 (Ky. 1990).
In this case, the family court found that changed circumstances under KRS 403.250(1) provide an exception to the mandate in KRS 403.180(6) that the parties may expressly preclude modification of their separation agreement. That is not the law. Changed circumstances rendering the terms of a maintenance award unconscionable is the only ground upon which a court has authority to modify any maintenance award. However, the clear language of KRS 403.250(1) prohibits a court from invoking this limited authority when the parties have a separation agreement pursuant to KRS 403.180(6) that expressly precluded subsequent modification of the terms of their separation agreement. The family court's finding it could modify the Settlement *14 Agreement despite the presence of non-modification clauses was erroneous.
We note that a different panel of this Court interpreted KRS 403.250(1) and KRS 403.180(6) in the same way. Lockhart v. Lockhart , 2012-CA-000219-MR, 2013 WL 5969839, at *1 (Ky. App. Nov. 8, 2013). We emphasize what we said in that case:
We recognize ... "[t]he potential harm of a trial court not being able to modify a maintenance provision can lead to the financial ruination of a party." Woodson[ v. Woodson] , 338 S.W.3d [261,] 263[ (Ky.2011) ]. Nevertheless, we are constrained to follow the clear language of KRS 403.180(6). Furthermore, we note that the trial court has only declined to modify Phillip's maintenance obligation. The court has not attempted to hold Phillip in contempt for his arrearage and he may be entitled to assert impossibility as a defense to any contempt motion. See Campbell County v. Commonwealth, Kentucky Corrections Cabinet , 762 S.W.2d 6, 10 (Ky. 1988).
Id. at *2. Accordingly, the family court's order must be reversed.
CONCLUSION
For the reasons stated herein, we reverse and remand the matter to the Jefferson Family Court with instructions to reinstate John's maintenance obligations and requirements to maintain health and life insurance for Cherie.
ALL CONCUR.