MAZE, JUDGE:
Phillip Wayne Lockhart (Phillip) appeals from a post-decree order of the Jefferson Family Court denying his motion to modify or terminate his maintenance obligation *573 to Mary Denia Lockhart (Mary). We agree with the family court that the parties' settlement agreement specifically precludes modification based on unconscionability. Since that matter was decided in a prior appeal and no new factual or legal grounds have been raised in this motion, the family court properly held that the agreement was not subject to modification on this basis. However, we disagree with the family court that Mary's cohabitation was not a basis for termination of maintenance under the terms of the Agreement. Hence, we affirm in part, reverse in part, and remand for additional findings of fact and conclusions of law on this issue.
On June 22, 2009, the parties entered into a Marital Settlement Agreement (the Agreement) which resolved the disputed issues relating to the dissolution of their marriage. In pertinent part, Phillip agreed to pay maintenance to Mary in the amount of $3,000 per month for eleven years or until Mary's remarriage. The Agreement further provided, "There shall be no modification of this Agreement except by written agreement of the parties with respect to issues of property division, maintenance or payment of child expenses." The trial court found that the terms of the Agreement were not unconscionable and incorporated them into the decree entered on June 26, 2009.
On October 31, 2011, Phillip filed a motion to terminate his maintenance obligation due to a material and continuing change in his financial circumstances. He stated that both of his businesses failed due to the economic downturn. As a result, Phillip states that his income had been reduced from approximately $8,000 per month to around $2,000. At the time, Phillip was more than $90,000 behind on his maintenance obligation and was also responsible for significant marital and business debt. Based upon this change in circumstances, he argued that his current maintenance obligation should be terminated as unconscionable.
The family court denied the motion, noting that the Agreement expressly provided that it was not subject to modification. On appeal, this Court affirmed, noting that KRS[1] 403.180(6) permits enforcement of a non-modification clause in a property settlement agreement. However, this Court noted that Phillip may still be able to assert an impossibility defense to any motion for contempt arising from his failure to pay maintenance. Lockhart v. Lockhart , No. 2012-CA-000219-MR, 2013 WL 5969839, at *2 (Ky. App. Nov. 8, 2013).
While that appeal was pending, Mary filed a motion to hold Phillip in contempt for failure to pay maintenance required under the Agreement. Following a hearing, the family court found Phillip in contempt and sentenced him to serve 180 days in jail. The court withheld the sentence and allowed him to purge the contempt with the completion of several conditions, including payment of $500 per month toward his maintenance arrearage.
Phillip did not appeal from this order, but he did comply with its conditions. But since he did not make any payments toward his current maintenance obligations, his arrearage continued to increase, rising to nearly $226,000. In May 2016, Mary again moved to hold Phillip in contempt for his failure to comply with the terms of the Agreement.
On August 29, 2016, the family court found Phillip in contempt for violation of the Agreement and the 2012 contempt order. The court sentenced Phillip to serve the 180-day sentence. In the alternative, the court directed that he could purge his *574 contempt by paying a lump sum of $25,0000, $2,000 per month toward the arrearage, and the $3,000 per month for his ongoing maintenance obligation.
Thereafter, Phillip again moved to modify maintenance based on his inability to pay. He also argued that the Agreement should be set aside based on Mary's cohabitation. In denying Phillip's motion to modify maintenance, the family court found that his obligation and its non-modifiability was res judicata based upon the prior appeal. The court also found that Agreement provided for termination of maintenance only upon Mary's remarriage, and not upon her cohabitation. Consequently, the family court upheld the prior contempt order and directed Phillip either to pay the purge amounts or to report to jail on the contempt sentence. This appeal followed.
Phillip first argues that the trial court erred in finding that his motion to modify maintenance was barred by res judicata , as it had been decided in the previous appeal. We agree with Phillip that the doctrine of res judicata only bars a subsequent petition for modification in the absence of a showing that there has been a substantial change of circumstances since the earlier decision was made. Wheeler v. Wheeler , 154 S.W.3d 291, 293 (Ky. App. 2004).
But as noted in our prior opinion, KRS 403.180(6) provides that "the decree may expressly preclude or limit modification of terms if the separation agreement so provides." In this case, the Agreement requires the written agreement of the parties to modify its terms, including maintenance. Phillip does not raise any new factual or legal grounds for modification of the maintenance provisions of the Agreement.
In the alternative, Phillip argues that KRS 403.180(6) conflicts with the rule set out in Woodson v. Woodson , 338 S.W.3d 261 (Ky. 2011), allowing for modification of all maintenance awards under the provisions of KRS 403.250(1). Id. at 263. However, this Court rejected that argument in the prior appeal. Moreover, by enacting KRS 403.180(6), our legislature permits the enforcement of a non-modifiability clause in a separation agreement. Thus, where the statute is applicable, that rule controls over any contrary rule set out in our statutory or common law.
Finally, even if his maintenance was subject to modification for unconscionability, Phillip has failed to establish grounds sufficient to warrant such relief. In its contempt order, the family court found that Phillip's bankruptcy and subsequent diminishment in his income were "designed to avoid his responsibilities under the Marital Settlement Agreement...." The court was not convinced that Phillip is unable to earn enough to pay his maintenance obligations, but that he deliberately rendered himself insolvent to escape those obligations. It is significant to note that Phillip does not challenge the sufficiency of the evidence supporting these findings. Thus, in any event, we must conclude that Phillip failed to state sufficient grounds to set aside the Agreement based upon unconscionability.
Phillip next argues that the maintenance provisions should be set aside because Mary has been openly cohabiting with her boyfriend since 2011. He alleges that Mary is deliberately circumventing the Agreement by cohabiting without remarriage. He contends that her actions would be sufficient to set aside the Agreement as being procured by fraud, to reduce or terminate maintenance under the Agreement's terms.
The family court did not specifically address this issue, noting only that the Agreement provided for termination of *575 maintenance only in the event of Mary's remarriage or the death of either party. Consequently, the family court concluded that Mary's cohabitation is not grounds for termination of maintenance. The court further found no evidence that Mary intended to cohabit at the time the Agreement was entered. The family court concluded that there was no evidence of fraud in the inducement to set aside the Agreement.
But even though the Agreement expressly provides that it is not modifiable based upon subsequent unconscionability, the controlling question concerns enforcement rather than modification of the Agreement. Thus, the family court's focus on whether the Agreement was conscionable at the time it was entered is not the appropriate inquiry. Furthermore, we disagree with the family court that the absence of an express provision allowing for termination of maintenance based on Mary's cohabitation should be so strictly construed against Phillip under these circumstances.
In Combs v. Combs , 787 S.W.2d 260 (Ky. 1990), our Supreme Court examined the effect of a maintenance recipient's cohabitation on continued maintenance payments. The Court noted that KRS 403.250(2) provided for termination of maintenance upon the death of either party or the remarriage of the party receiving maintenance, "[u]nless otherwise agreed in writing or expressly provided in the decree, ...." Notwithstanding this provision, the Court concluded that the receiving spouse's cohabitation can render continued maintenance "unconscionable" if the nature of the cohabitation constitutes a new financial resource. Id. at 262. The Court set out set out a six-factor test for analyzing whether the cohabitation of a spouse who is receiving maintenance entitles the obligor to a termination of maintenance. Although each case should stand on its own merits, the family court should look to: (1) the duration of the relationship; (2) the economic benefit to the receiving spouse from the relationship; (3) the intention of the parties' - i.e. , whether the cohabiting spouse is avoiding remarriage to keep maintenance; (4) the nature of the living arrangements; (5) the nature of the financial arrangements; and (6) the likelihood of a continued relationship. Id. The payor spouse's financial circumstances do not play any role in this consideration. Id. at 263.
We recognize that Combs involved a modification of maintenance for unconscionability under KRS 403.250(1), and the Agreement expressly provides that it is non-modifiable for subsequent unconscionability. However, "[t]here is something distasteful in requiring one to subsidize a former spouse, in his or her subsequent cohabitation." Id. at 261, (quoting Lydic v. Lydic , 664 S.W.2d 941, 943 (Ky. App. 1983) (Miller, J., dissenting) ). Consequently, we cannot agree with the family court that Mary can avoid the termination provisions set out in the Agreement simply by cohabiting with her boyfriend without benefit of marriage. Such an interpretation goes beyond being merely a "bad bargain" for Phillip and becomes unreasonable and oppressive.
As the party seeking to terminate maintenance, Phillip bears the burden of proving that Mary's cohabitation constitutes a continuing circumstance warranting modification under the terms of the Agreement. Bickel v. Bickel , 95 S.W.3d 925, 929 (Ky. App. 2002). However, we conclude that the family court clearly erred in finding that Mary's alleged cohabitation was not a ground to terminate maintenance under the terms of the Agreement. Likewise, we conclude that the family court clearly erred in finding that the provisions regarding maintenance could only be set aside on *576 a showing of fraud in the inducement. Based on these findings, the family court did not address whether the facts surrounding Mary's cohabitation would be grounds to terminate maintenance. Therefore, we must remand this matter for additional findings of fact and conclusions of law as set forth in Combs, supra .
Accordingly, we affirm the order of the Jefferson Family Court in part, reverse in part, and remand for additional findings of fact and conclusions of law as set forth in this opinion.
ALL CONCUR.

Kentucky Revised Statutes.